**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-23241-GAYLES**

**ALBETO PIERRE,**

      **Petitioner**,

**v.**

**KROME SERVICE
PROCESSING CENTER,**
*Warden*, *et al.*,

      **Respondents.**

                      /

## <u>OMNIBUS ORDER</u>

**THIS CAUSE** is before the Court on two filings by *pro se* Petitioner Albeto Pierre: (1) an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] (the "IFP Motion"); and (2) a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). In his IFP Motion, Petitioner asks the Court to allow him to proceed *in forma pauperis* ("IFP")—that is, without paying the $5.00 fee that is typically due when a person files an application for a writ of habeas corpus. *See generally* [ECF No. 3]; *see also* 28 U.S.C. § 1914(a) (noting that "on application for a writ of habeas corpus the filing fee shall be $5"). In his Petition, Petitioner challenges his detention at Krome Service Processing Center ("Krome") in Miami because, among other reasons, he has not been afforded an individualized bond determination. *See generally* [ECF No. 1].

In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents— the "Warden" of Krome, the U.S. Department of Homeland Security (DHS), and U.S. Immigration and Customs Enforcement (ICE)—to show cause why the Petition should not be granted. *See* [ECF

No. 5]. Respondents filed a response to the Court's show cause Order on May 13, 2026 [ECF No. 6] (the "Response").[1] In their Response, "Respondents do not oppose Petitioner's claim that he should be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." *See id.* at 2 (citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, ___ F.4th ___, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026)).

As a preliminary matter, the IFP Motion will be granted. Petitioner's financial affidavit indicates that he has made $0 in income over the past year and that he has no cash, assets, monthly expenses, debts, or dependents, *see id.* at 1–2, so it "is sufficient on its face to demonstrate economic eligibility," *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quotation marks omitted); 28 U.S.C. § 1915(a)(1). Further, because Petitioner is detained under the authority of § 1226(a), he is entitled to a bond hearing, so his claims are meritorious. *See Martinez*, 364 F.3d at 1307; 28 U.S.C. § 1915(e)(2)(i)–(ii). Accordingly, having satisfied both IFP requirements, Petitioner qualifies for IFP status and does not have to pay the $5.00 filing fee. *See* 28 U.S.C. § 1915(a)(1), (e)(2); *Martinez*, 364 F.3d at 1306–07.

Moving to the merits of the Petition, because Respondents concede that Petitioner is entitled to a bond hearing under § 1226(a), *see* [ECF No. 6 at 2], the Petition will be granted in part. *See* 28 U.S.C. § 2241(a), (c)(3); *Hernandez Alvarez*, 2026 WL 1243395, at *18, *21 (agreeing

---

[1] As Respondents explain, a writ of habeas corpus must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243; [ECF No. 6 at 1 n.1]. And in "challenges to present physical confinement," the Supreme Court has made clear that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *see also id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Accordingly, the Court will substitute the immediate custodian of Krome, Assistant Field Office Director Charles Parra, in his official capacity as Respondent and will dismiss all other named Respondents. *See* [ECF No. 6 1 n.1]; *Jackson v. Chatman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014); *Barghouthi v. Field Office Dir.*, No. 25-25666-CIV, 2026 WL 1040943, at *2 (S.D. Fla. Apr. 17, 2026) ("[B]ecause Petitioner is detained at Krome, his immediate custodian is acting Assistant Field Office Director Charles Parra. Accordingly, the only proper respondent to this case is Parra in his official capacity. . . . The Court therefore substitutes Assistant Field Office Director Charles Parra as the sole respondent to this action. All other named respondents are dismissed.").

that "§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior, whether he is being removed on grounds of deportability or inadmissibility," because "the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country"). Accordingly, it is **ORDERED AND ADJUDGED:**

1. Petitioner Albeto Pierre's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], is **GRANTED in part**.

2. Respondent shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **May 20, 2026** or otherwise release Petitioner.

3. **On or before May 22, 2026**, Respondent shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, the outcome of Petitioner's bond hearing, and the status of matters relevant to the Petition.

4. Petitioner Albeto Pierre's IFP Motion, [ECF No. 3], is **GRANTED**.

5. The Clerk **SHALL SUBSTITUTE** the immediate custodian of Krome, Assistant Field Office Director Charles Parra in his official capacity, as Respondent in this case and **SHALL TERMINATE** all other named Respondents. *See* 28 U.S.C. § 2243; *Rumsfeld*, 542 U.S. at 439, 447; *Jackson*, 589 F. App'x at 491 n.1; *Barghouthi*, 2026 WL 1040943, at *2.

6. This case is **CLOSED** for administrative purposes.

7. The Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should any additional relief be sought relating to the Petition or this Order.

8.  The Clerk **SHALL MAIL** a copy of this Order to Petitioner.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of May, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

Cc:

**Albeto Pierre**
A# 235353619
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
*PRO SE*

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Michael Scott Davis**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: Michael.Davis2@usdoj.gov